NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 29 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RESORT PROPERTIES OF AMERICA, INC., et al.,

Plaintiffs-Appellees,

v.

CENTRAL FLORIDA INVESTMENTS, INC., et al.,

Defendants-Appellants.

No. 19-17168

D.C. No. 2:15-cv-02122-RFB

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted September 3, 2020
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and CALDWELL,** District Judge.

Central Florida Investments, Inc. and Westgate Las Vegas Resort, LLC

(together, "Central Florida") appeal the district court's denial of their motions for

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

judgment as a matter of law, new trial, and remittitur, which followed a $2.5 million verdict against them.

Plaintiffs Heather Atwell, as administrator of David Atwell's estate, and Resort Properties of America, Inc. (together "RPA, Inc.") asserted claims for quantum meruit and fraud against Central Florida after it failed to pay David Atwell or his sole proprietorship, Resort Properties of America ("RPA"), a commission on a real estate deal.

The parties are familiar with the facts, so we do not repeat them here.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Central Florida presents three arguments on appeal that it never presented to the district court: that RPA, Inc. abandoned any claim to the commission as a matter of law by breaching a fiduciary duty to it; that David Siegel's statements regarding his intent to purchase the Riviera could not constitute fraud as a matter of law because they were mere opinion, prediction, or puffery; and that the district court erred in determining that the jury intended to award $2.5 million. We decline to address these issues. "As a general rule, an appellate court will not hear an issue raised for the first time on appeal." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992).

---

[1] Appellees' Motion to Take Judicial Notice of Findings of Fact and Stipulated Conclusions of Law (Dkt. 15) is granted.

Central Florida also argues that the district court abused its discretion in denying its motion to reduce the $1 million fraud verdict, in prohibiting it from inquiring at trial into whether RPA, Inc. was a licensed real estate broker, and in declining to instruct the jury on a novation defense.

None of the challenged rulings is an abuse of discretion. The fraud verdict was supported by substantial evidence regarding the amounts that RPA would have received had David Siegel's representations regarding his intent to purchase the Riviera been true. *Collins v. Burns*, 741 P.2d 819, 822 (Nev. 1987). The district court did not prohibit Central Florida from adequately inquiring into whether RPA, Inc. was a licensed real estate broker. As to the novation defense, there was no evidence from which the jury could have concluded that the parties intended that a second contract would extinguish Central Florida's agreement to pay RPA a commission for the purchase of the Las Vegas Hilton. *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 195-96 (Nev. 1989).

**AFFIRMED.**